Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000807
28-DEC-2018
07:57 AM

NO. CAAP-17-0000807

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


HSBC BANK USA, NATIONAL ASSOCIATION, AS TRUSTEE FOR THE
BENEFIT OF THE CERTIFICATE HOLDERS OF
NOMURA HOME EQUITY LOAN, INC. ASSET-BACKED CERTIFICATES,
SERIES 2006-FM2, Plaintiff-Appellee,
v.
MARK MARCANTONIO; GWEN MARCANTONIO;
Defendants/Cross-Claim Defendants/Appellants,
and
ALINA NAULT, Defendant-Appellant,
and
MC&A, INC.,
Defendant/Cross-Claim Plaintiff/Appellee,
and
STATE OF HAWAI'I, HAWAII HEALTH SYSTEMS
CORPORATION, dba MAUI MEMORIAL MEDICAL CENTER; and
DIRECTOR, DEPARTMENT OF TAXATION, STATE OF HAWAI'I,
Defendants-Appellees,
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; DOE ENTITIES 1-10; and
DOE GOVERNMENTAL UNITS 1-10, Defendants.


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 13-1-0718(3))


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Chan, JJ.)

Defendants-Appellants Mark Marcantonio (**Mark**), Gwen
Marcantonio, and Alina Nault, the Marcantonio's daughter,
(collectively, **the Marcantonios**) appeal from the "Judgment on
Order Granting Plaintiff's Motion for Confirmation of Sale by

Commissioner" (**Judgment**) filed on October 2, 2017 in the Circuit Court of the Second Circuit (**Circuit Court**).[1] The Marcantonios also challenge the underlying "Order Granting Plaintiff's Motion for Confirmation of Sale by Commissioner" (**Order Confirming Sale**) filed on the same day in the Circuit Court in favor of Plaintiff-Appellee HSBC Bank USA, National Association, as Trustee for the Benefit of the Certificate Holders of Nomura Home Equity Loan, Inc. Asset-Backed Certificates, Series 2006-FM2 (**HSBC**).

On appeal, the Marcantonios argue that the Circuit Court erred because it lacked jurisdiction to confirm the sale of their property, as the previously entered foreclosure judgment was: (1) void pursuant to the Hawai'i Supreme Court's intervening decision in Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248 (2017); (2) void pursuant to the Hawai'i Supreme Court's intervening decision in U.S. Bank N.A. v. Mattos, 140 Hawai'i 263, 98 P.3d 615 (2017); and (3) a result of abandonment by their counsel, which the Circuit Court should have deemed "excusable neglect" under Hawai'i Rules of Civil Procedure (**HRCP**) Rule 60(b)(1) or a separate basis under HRCP Rule 60(b)(6)[2] for reversal of the foreclosure judgment.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issued raised by the parties, we resolve the Marcantonios' points of error as follows and affirm.

On June 25, 2013, HSBC filed its Complaint seeking to foreclose upon the Marcantonios' property. The Marcantonios did not file an Answer.

On March 12, 2014, HSBC filed its request for entry of default against the Marcantonios, which was granted by the Clerk of the Court.

On December 2, 2014, HSBC filed its "Motion for Summary Judgment and Decree of Foreclosure Against all Defendants on Complaint filed June 25, 2013" (**motion for summary judgment**).

---

[1] The Honorable Joseph E. Cardoza presided.

[2] The text of HRCP Rule 60(b) is provided *infra*.

2

On March 11, 2015, the Circuit Court entered its "Findings of Fact, Conclusions of Law and Order" granting HSBC's motion for summary judgment. The Circuit Court entered its corresponding Judgment (**foreclosure judgment**) on the same day. The Marcantonios did not appeal the foreclosure judgment.

On April 8, 2016, after a series of bankruptcy stays and more than a year after the foreclosure judgment had been filed, the Marcantonios, through new trial counsel, filed their "HRCP [Rule] 55(c) and 60(b) Motion to Set Aside Clerk's Entry of Default and Related Order Granting Default/Summary Judgment" (**4/8/16 Motion**).[3] The Marcantonios' motion was based on their prior trial counsel's alleged misconduct in the instant case. In a Declaration attached to the 4/8/16 Motion, Mark attested to the following: (1) on August 14, 2013, the Marcantonios paid the Law Offices of Stuart E. Ragan (**Ragan**) $4,900.00 as a retainer to

---

[3] HRCP Rules 55(c) and 60(b) provide, in relevant part:

**Rule 55. Default.**

. . . .

(c) *Setting Aside Default.* For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

**Rule 60. Relief from Judgment or Order.**

. . . .

(b) *Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.* On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

3

represent them; (2) in December 2014, the Marcantonios contacted Ocwen Loan Servicing, HSBC's loan servicer, regarding HSBC's motion for summary judgment and were told that their property was not being foreclosed upon; and (3) in June 2015, the Marcantonios contacted Ragan and were told that there was nothing they could do since the foreclosure judgment was entered, and, around that time, the Marcantonios signed a document releasing Ragan as their counsel.

On July 6, 2016, the Circuit Court issued its Order denying the Marcantonios' 4/8/16 Motion.

On November 7, 2016, HSBC filed its "Motion for Confirmation of Sale by Commissioner" (**motion for confirmation of sale**).

On October 2, 2017, following another series of bankruptcy stays, the Circuit Court granted HSBC's motion for confirmation of sale in its Order Confirming Sale and subsequent Judgment.

On November 1, 2017, the Marcantonios timely appealed.

Points of Error (1) and (2): In <u>Mortgage Electronic Registration Systems, Inc. v. Wise</u>, a foreclosure action, the Hawai'i Supreme Court held that the defendants-mortgagors' failure to appeal from the foreclosure judgment in that case "barred challenges to [the foreclosing plaintiff's] standing under the doctrine of res judicata." 130 Hawai'i 11, 12, 304 P.3d 1192, 1193 (2013). There, the court reasoned that:

> foreclosure cases are bifurcated into two separately appealable parts: (1) the decree of foreclosure and the order of sale, if the order of sale is incorporated within the decree, and (2) all other orders. It is evident that orders confirming sale are separately appealable from the decree of foreclosure, and therefore fall within the second part of the bifurcated proceedings.

<u>Id.</u> at 16, 304 P.3d at 1197 (citations and internal quotation marks omitted). Because the defendants in <u>Wise</u> never challenged the foreclosure judgment, it became final and binding. <u>Id.</u> at 17, 304 P.3d at 1198. The supreme court further explained:

> we conclude that res judicata would preclude Petitioners from challenging Respondent's standing in their appeal from the order confirming sale, <u>despite the general proposition</u>

4

> that a lack of standing may be raised at any time. Under the doctrine of res judicata, challenges to Respondent's standing were subsumed under the foreclosure judgment, which had became final and binding.

Id. (emphasis added). Wise is directly on point with regard to the Marcantonios' appeal from the Judgment and the Order Confirming Sale, in that the Marcantonios cannot raise a standing objection where they did not appeal from the foreclosure judgment and it became final and binding. Id. at 19, 304 P.3d at 1200.

Although the supreme court also recently held that, in a foreclosure action, the foreclosing plaintiff must establish its standing at the commencement of the case, see Reyes-Toledo, 139 Hawaiʻi at 366-69, 390 P.3d at 1253-56, lack of standing does not render a court's ruling void under HRCP Rule 60(b)(4). "In the sound interest of finality, the concept of a void judgment must be narrowly restricted." Cvitanovich-Dubie v. Dubie, 125 Hawaiʻi 128, 141, 254 P.3d 439, 452 (2011) (citations omitted). As multiple Hawaiʻi cases have recognized, "[i]t has been noted that a judgment is void only if the court that rendered it lacked jurisdiction of either the subject matter or the parties or otherwise acted in a manner inconsistent with due process of law." Id. at 139, 254 P.3d at 450 (emphasis added) (quoting In re Hana Ranch Co., 3 Haw. App. at 146, 642 P.2d at 941); see also Dillingham Inv. Corp. v. Kunio Yokoyama Tr., 8 Haw. App. 226, 233-34, 797 P.2d 1316, 1320 (1990) ("[I]f a court has the general power to adjudicate the issues in the class of suits to which the case belongs then its interim orders and final judgments, whether right or wrong, are not subject to collateral attack, so far as jurisdiction over the subject matter is concerned.") (citation omitted).

Here, there is no challenge based on personal jurisdiction, and an argument that a party lacks standing is not equivalent to challenging a court's subject matter jurisdiction. Rather, this foreclosure action is "'in the class of suits' that the [circuit] court 'has the general power to adjudicate.'" Cvitanovich-Dubie, 125 Hawaiʻi at 142, 254 P.3d at 453; see also

Nationstar Mortg. LLC v. Akepa Props. LLC, Nos. CAAP-15-0000407 and CAAP-15-0000727, 2017 WL 1401468 (Hawai'i App. Apr. 19, 2017) (SDO). In sum, the Marcantonios' first and second points of error are without merit.

Point of Error (3): When reviewed for abuse of discretion, as we must in the context of HRCP Rule 60(b) motions, see Ass'n of Apartment Owners of Wailea Elua, 100 Hawai'i 97, 110, 58 P.3d 608, 621 (2002), we hold that the Circuit Court did not err in denying the Marcantonio's 4/8/16 Motion with regard to their contention that they were abandoned by their counsel.

We note that HRCP Rule 60(b)(6)

> provides for extraordinary relief and is only invoked upon a showing of exceptional circumstances. Generally, relief granted under HRCP Rule 60(b) has been confined to those cases where either a default judgment or dismissal has been entered, reflecting a historical preference for cases to be decided in a trial on their substantive merits.

Isemoto Contracting Co., Ltd. v. Andrade, 1 Haw.App. 202, 205, 616 P.2d 1022, 1025 (1980) (citations omitted); see also Thomas-Yukimura v. Yukimura, 130 Hawai'i 1, 9, 304 P.3d 1182, 1190 (2013).

To support their third point of error, the Marcantonios' Opening Brief cites Foley v. Bitner, 793 F.3d 998 (9th Cir. 2015) and Community Dental Services Group v. Tani, 282 F.3d 1164 (9th Cir. 2002).

In Tani, the Ninth Circuit held that "[t]he circuits that have distinguished negligence from gross negligence in the [Federal Rules of Civil Procedure (**FRCP**) Rule 60(b)(6)] context have granted relief to the client where the default judgment was a result of his counsel's displaying 'neglect so gross that it is inexcusable.'" 282 F.3d at 1168 (emphasis added).[4]

Tani is distinguishable. In the instant case, each of the Marcantonios were individually served with a copy of the Complaint and Summons on July 12, 2013. However, according to

---

[4] HRCP Rule 60(b) is similar to Federal Rules of Civil Procedure Rule 60(b), except for some minor variations not relevant to this case. See Dubie, 125 Hawai'i at 142 n.15, 254 P.3d at 453 n.15.

Mark's Declaration attached to the 4/8/16 Motion, he and the other Marcantonios did not retain Ragan as their counsel until August 14, 2013, thirty-three days later. HRCP Rule 12(a)(1) requires that "[a] defendant shall serve an answer within 20 days after being served with the summons and complaint, except when service is made under Rule 4(c) and a different time is prescribed in an order of court under a statute or rule of court." No alternate time was established in this case. Therefore, it was the Marcantonios' delay, not Ragan's conduct, which prompted entry of default.

In <u>Foley</u>, the Ninth Circuit held that the district court erred in finding that incarcerated defendant Foley was not abandoned by counsel, based in part on Foley's counsel's declaration stating that he failed to inform Foley of the denial of his petition for writ of habeas corpus, of which Foley was otherwise unaware. 793 F.3d at 1003. The court concluded that "[u]nder these circumstances, Foley was effectively deprived of the opportunity to appeal the district court's denial of his habeas petition." <u>Id.</u>

The instant case is unlike <u>Foley</u>. According to the Mark Declaration, the Marcantonios "received notice of" HSBC's motion for summary judgment in December 2014. Furthermore, "Notice of Entry of Judgment" was mailed to the Marcantonios, personally, on March 11, 2015, the same day the foreclosure judgment was entered. Finally, according to Mark's Declaration, the Marcantonios did not contact Ragan until "[a]round June 2015," long after the thirty-day deadline to appeal from the March 11, 2015 judgment had passed. <u>See</u> Hawai'i Rules of Appellate Procedure Rule 4(a)(1) ("When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order."). The foregoing events do not rise to the level of "exceptional circumstances" justifying HRCP Rule 60(b)(6) relief.

Therefore, IT IS HEREBY ORDERED that the "Order Granting Plaintiff's Motion for Confirmation of Sale by Commissioner" and the "Judgment on Order Granting Plaintiff's Motion for Confirmation of Sale by Commissioner," both filed on October 2, 2017 in the Circuit Court of the Second Circuit, are affirmed.

DATED: Honolulu, Hawai'i, December 28, 2018.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
for Defendants-Appellants.

David B. Rosen,
David E. McAllister,
Justin S. Moyer,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge